[Civ. No. 464.   Fourth Appellate District.—August 14, 1933.]

P. L. SARRAT et al., Respondents, v. W. E. WALTERS, Appellant.

Harry W. Horton for Appellant.

James W. Glassford for Respondents.

BARNARD, P. J.—Under a written contract dated April 29, 1926, the defendant agreed to sell to the plaintiffs 300 bales of cotton to be delivered on or before December 1, 1926, with the proviso that if the same were not delivered the plaintiffs should have the option to purchase cotton in the open market and charge the defendant "the difference in market value at such time". In this action to recover damages for failure to deliver any of the cotton the plaintiffs recovered judgment, from which the defendant has appealed. No brief has been filed on behalf of the respondents.

A number of the points raised by the appellant are based upon the contention that under the terms of the contract he was under no obligation to deliver any cotton unless the same should be raised during that season upon lands owned or controlled by him. These contentions are without merit as the terms of the contract are plain and must prevail in the absence of any pleading of fraud or grounds for reformation.

A further contention that the judgment, with respect to the amount of the damages, is not sustained by either the findings or the evidence, must be sustained. The contract fails to fix a definite price for the cotton but provides that the price shall be fixed "in open market" on or before November 15, 1926, and that in the event the seller fails to fix the price on or before that date, the buyer may fix the same. While the court found that the appellant did not fix the price on or before November 15, 1926, there is neither a finding that the respondents ever fixed the price nor one as to what was the contract price. The court found that "subsequent to" November 15th, the respondents bought 300 bales of cotton in the open market at a price 125 points above the December New York future market, but made no finding as to what was the December New York future market, what the respondents paid or as to the weight of the cotton purchased. From these findings the conclusion is drawn that

the difference between the contract price and the price paid by the respondents is $3,375.

Evidence was introduced by the respondents to the effect that the difference between the market price on December 1, 1926, and the contract price was "225 to 250 points". The witness was then asked, "What is the gross amount of difference at the time on December 1 and the contract price that you purchased for," to which the answer was, "Cotton sold cheaper on December first at the time of the contract than it did on November 26 when we bought 340 bales." The record contains no other evidence as to quantity of cotton bought and none to show that the price was fixed or what the market price was on December 1st. It cannot even be ascertained from the evidence what was the market price on November 26th. It does appear that the respondents' gross figures, which were accepted by the court, were based upon the market price on November 26th, although the respondents' own testimony shows that the market price on December 1st, which the contract provided should be used as a basis for fixing damages, was more favorable to the appellant. While there is evidence that the respondents bought cotton on several occasions in November, no purchase of 300 bales appears and there is nothing to indicate that any purchase made was on account of the failure of the appellant to deliver the cotton here in question.

With no evidence that the contract price was ever established or as to its amount, and with none as to what was the market price at the time of the breach or any time thereafter, the respondents' witness was permitted to testify over the appellant's objection that the "loss" sustained on the purchase of 300 bales of cotton was $3,375, for which amount the court gave judgment. This statement was a pure conclusion and the judgment is sustained neither by the findings nor by the evidence.

The judgment is reversed.

Marks, J., and Jennings, J., concurred.